Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave., Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com

**Attorney for Plaintiff and the Putative Classes**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ROBERT WASHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASPIRE LAW GROUP, PLLC,<br><br>Defendant. | Case No. ____________<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Robert Washington ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, brings this Class Action Complaint against Defendant Aspire Law Group, PLLC ("Aspire" or "Defendant"), and in support thereof states as follows:

## I. INTRODUCTION

1. This is a class action arising from Defendant Aspire Law Group, PLLC's unlawful telemarketing campaign to solicit consumers for legal services through high-volume, prerecorded, unregistered, and otherwise unlawful telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Chapter 302; and the Texas anti-barratry statute, Tex. Gov't Code § 82.0651.

2. In an eight-day period spanning January 15, 2026 through January 22, 2026 alone, Defendant placed at least sixteen (16) unsolicited telemarketing calls to Plaintiff from a constantly-rotating array of spoofed toll-free numbers, each routing back to a sequence of 315-208-XXXX numbers operated by, or for the direct benefit of, Aspire. The express purpose of those calls was to solicit Plaintiff to retain Aspire as legal counsel.

3. Defendant's calls: (a) used an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A); (b) constituted telephone solicitation by a seller that holds no registration certificate from the Texas Secretary of State, in violation of Tex. Bus. & Com. Code § 302.101; and (c) constituted the unlawful solicitation of professional employment by a law firm, in violation of Tex. Penal Code § 38.12 and Tex. Disciplinary R. Prof. Conduct 7.03, actionable under Tex. Gov't Code § 82.0651(c)–(d) and carrying a civil penalty of not less than $50,000 per prohibited contact.

4. Plaintiff brings this action on behalf of himself and a nationwide Class for the federal TCPA claim, and Texas subclasses for the state-law claims, seeking statutory damages, treble damages, statutory civil penalties, injunctive relief, and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 because the claim arises under the laws of the United States, specifically the TCPA, 47 U.S.C. § 227.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy. In the alternative, the Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the proposed Class consists of more than 100 members, minimal diversity exists between Plaintiff (a Texas citizen) and Defendant (a

Michigan citizen), and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant because Defendant directed a sustained telemarketing campaign into Texas, placed numerous unsolicited calls to Plaintiff in Texas, attempted to contract for the provision of legal services to Texas consumers, holds itself out as available to represent Texas residents, and maintains a registered agent in Texas for service of process.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including Plaintiff's receipt of the unlawful calls at his residence in Melissa, Collin County, Texas. Intra-district assignment to the Sherman Division is proper under Local Rule CV-3(b).

## III. PARTIES

9. Plaintiff Robert Washington is a natural person and a citizen of the State of Texas, residing in Melissa, Collin County, Texas. At all relevant times, the cellular telephone number ending in -3704 was registered to and used by Plaintiff for personal, residential purposes.

10. Defendant Aspire Law Group, PLLC is a professional limited liability company organized under the laws of the State of Michigan, with its principal place of business at 2751 East Jefferson Avenue, Suite 400, Detroit, Michigan 48207. Defendant maintains a registered agent in Texas: Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731. Defendant operates the website https://aspirelawgroup.com and holds itself out as a law firm offering legal services to consumers.

## IV. FACTUAL ALLEGATIONS

### Plaintiff's Telephone Number and Lack of Consent

11. Plaintiff's cellular telephone number ending in -3704 is a personal cellular line that Plaintiff uses as his residential and personal telephone number. Plaintiff is the regular and

customary user of the line, pays the bills associated with it, and uses it exclusively for personal, non-commercial purposes.

12. Plaintiff never provided his telephone number to Defendant. Plaintiff never consented—expressly, in writing, electronically, or otherwise—to receive any telemarketing call, prerecorded message, or solicitation from Defendant. Plaintiff had no prior business relationship with Defendant. Plaintiff never requested information from Defendant. Plaintiff never invited solicitation by Defendant or by any person, agent, or affiliate acting on Defendant's behalf.

**Defendant Is a Law Firm Subject to Texas's Anti-Barratry Laws**

13. Defendant Aspire Law Group, PLLC is a law firm. Defendant's public-facing website and marketing materials hold Defendant out as a provider of legal services. Defendant's name expressly includes the words "Law Group." Defendant's contracts with consumers are styled as engagement or retainer agreements for legal representation.

14. Texas Penal Code § 38.12(a) makes it an offense, with intent to obtain an economic benefit, to solicit employment for the purpose of providing legal representation. Texas Disciplinary Rule of Professional Conduct 7.03 prohibits a lawyer from soliciting professional employment by in-person contact, telephone, or other real-time electronic means when a significant motive for the solicitation is the lawyer's pecuniary gain, unless the contacted person is a lawyer, a family member, a person with whom the lawyer has had a prior professional relationship, or otherwise within a narrow set of statutory exceptions.

**Plaintiff Had No Prior Relationship with Defendant**

15. Plaintiff is not a lawyer. Plaintiff has no family relationship with Defendant, with any owner, member, attorney, employee, or agent of Defendant, or with any person acting on Defendant's behalf.

16. Plaintiff has no prior professional relationship with Defendant. Plaintiff has never been a client of Defendant, and Defendant has never represented Plaintiff in any matter.

**Defendant's Calling Campaign**

17. Between January 15, 2026 and January 22, 2026 alone, Plaintiff received no fewer than sixteen (16) unsolicited telephone calls placed by or for the direct benefit of Aspire, as set forth in the following table:

| Date | Time | Call From # | Call Back # (Routes to Aspire) |
|---|---|---|---|
| 01/22/2026 | 3:56 PM | 877-711-5519 | 315-208-3932 |
| 01/22/2026 | 11:30 AM | 877-697-9929 | 315-208-3932 |
| 01/22/2026 | 9:33 AM | 888-795-5207 | 315-208-3932 |
| 01/21/2026 | 12:21 PM | 877-406-4696 | 315-208-3925 |
| 01/20/2026 | 5:26 PM | 844-885-3253 | 315-208-3919 |
| 01/19/2026 | 4:26 PM | 877-814-4885 | 315-208-3911 |
| 01/19/2026 | 12:56 PM | 888-532-9745 | 315-208-3911 |
| 01/17/2026 | 12:47 PM | 855-924-6179 | 315-208-3906 |
| 01/16/2026 | 5:26 PM | 877-816-6558 | 315-208-3902 |
| 01/16/2026 | 5:24 PM | 888-439-7381 | 315-208-3902 |
| 01/16/2026 | 5:23 PM | 833-913-9503 | 315-208-3902 |
| 01/16/2026 | 5:19 PM | 855-419-9192 | 315-208-3902 |
| 01/16/2026 | 3:56 PM | 833-639-6305 | 315-208-3902 |
| 01/16/2026 | 3:51 PM | 855-550-6882 | 315-208-3902 |
| 01/15/2026 | 3:23 PM | 888-614-3665 | 315-208-3898 |
| 01/15/2026 | 1:42 PM | 877-514-5672 | 315-208-3898 |

18. The "Call From" numbers identified above are spoofed toll-free numbers that did not accurately or truthfully identify Aspire Law Group, PLLC as the calling party. The "Call Back" numbers—all bearing the 315-208 prefix—are numbers that consistently routed to Aspire or to an agent operating on Aspire's behalf.

## The January 22, 2026 Solicitation and the Unsigned Engagement Contract

19. On January 22, 2026, Plaintiff received and answered a call. The call lasted from approximately 7:15 p.m. to 7:56 p.m. Central Time. During that call, a live representative pitched Plaintiff on retaining Aspire to provide legal services.

20. At approximately 7:52 p.m.—while the call was still in progress—the representative emailed Plaintiff a written engagement contract bearing Aspire Law Group, PLLC's name and branding, for Plaintiff to sign and return.

21. Plaintiff did not sign the engagement contract, did not return it, and did not enter into any engagement, retainer, or other contract with Defendant. The contract remained unsigned.

22. On January 23, 2026, Plaintiff called 315-208-3902, one of the "Call Back" numbers listed in the table above. The call was forwarded to the same representative who had spoken with Plaintiff on January 22. That representative once again emailed Plaintiff the same Aspire engagement contract. Plaintiff again did not sign or return it.

23. Through the contract documents, Aspire's branding, and Defendant's own website, Plaintiff has confirmed that the calls described above originated from, or were placed for the direct benefit of, Defendant Aspire Law Group, PLLC.

## Use of Prerecorded Voice and Automated Dialing Technology

24. On information and belief, Defendant—directly or through one or more agents or vendors acting on its behalf—uses a high-volume dialing platform and/or prerecorded or artificial voice technology to make telemarketing calls en masse to consumers without their prior express written consent.

25. At least one of the calls Plaintiff received used an artificial or prerecorded voice within the meaning of 47 U.S.C. § 227(b)(1).

26. The volume, pattern, and timing of the calls—including multiple calls per day, calls in rapid succession from different spoofed numbers (for example, four calls within seven minutes on January 16, 2026), and uniform, pre-scripted voice content—are characteristic of, and consistent with, the use of automated dialing and prerecorded voice technology.

**Defendant Is Not Registered as a Telephone Solicitor in Texas**

27. Tex. Bus. & Com. Code § 302.101 provides that a seller may not make a telephone solicitation to a purchaser located in Texas unless the seller holds a registration certificate issued by the Texas Secretary of State.

28. Defendant is a "seller" that made "telephone solicitations" to Texas purchasers within the meaning of Chapter 302. Defendant is not, and was not at any time relevant to this Complaint, registered as a telephone solicitor with the Texas Secretary of State. No exemption under Tex. Bus. & Com. Code § 302.052 applies to Defendant's conduct.

**Defendant's Significant Motive Was Pecuniary Gain**

29. Each solicitation alleged herein was made with the intent to obtain an economic benefit for Defendant. The express purpose and effect of the calls was to induce Plaintiff to sign an engagement contract by which Plaintiff would pay Defendant—directly or through a contingent fee, flat fee, or other compensation arrangement—for legal services. Defendant's significant motive in placing the calls was pecuniary gain within the meaning of Tex. Disciplinary R. Prof. Conduct 7.03.

**Defendant's Conduct Was Knowing and Willful**

30. Defendant's use of a sophisticated infrastructure to place its solicitations—including a constantly-rotating array of spoofed toll-free "Call From" numbers, parallel rotating 315-208-XXXX "Call Back" numbers, automated forwarding to live representatives, and pre-prepared engagement contracts ready to be emailed mid-call—demonstrates that Defendant's

campaign is deliberate, organized, and conducted with full knowledge of its scale. On information and belief, Defendant's use of spoofed and rotating caller identification was specifically designed to obscure Aspire's identity and to evade consumer recognition, detection, and complaints.

31. Defendant is a law firm, with knowledge of, or charged with knowledge of, the TCPA and Texas's strict prohibitions on telephone solicitation and the solicitation of professional employment. Defendant's conduct is knowing and willful.

**Harm to Plaintiff**

32. Defendant's calls caused Plaintiff concrete and particularized harm, including invasion of privacy, nuisance, wasted time and attention, occupation of Plaintiff's telephone line, depletion of cellular battery and data resources, and disruption of Plaintiff's personal activities.

## V. CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and the following Classes pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

> **TCPA Class (Nationwide):** All persons within the United States to whom Defendant Aspire Law Group, PLLC (or any agent acting on its behalf) placed one or more non-emergency telephone calls using an artificial or prerecorded voice, within the four years preceding the filing of this Complaint through the date of class certification, where the recipient had not given prior express written consent to receive such calls.

> **Texas Telemarketing Registration Class:** All persons in the State of Texas to whom Defendant Aspire Law Group, PLLC (or any agent acting on its behalf) made one or more telephone solicitations within the four years preceding the filing of this Complaint through the date of class certification, at a time when Defendant did not hold a registration certificate issued by the Texas Secretary of State.

> **Texas Barratry Subclass:** All persons in the State of Texas whom Defendant Aspire Law Group, PLLC (or any agent acting on its behalf) contacted by telephone or other real-time electronic communication for the purpose of obtaining professional employment as legal counsel, within the four years preceding the filing of this Complaint through the date of class certification, where Defendant did not have a prior family relationship or prior professional relationship with the recipient and the recipient did not enter into a contract with Defendant as a result of the contact.

34. Excluded from each Class are: (a) Defendant and any of its officers, directors, members, employees, agents, and affiliates; (b) the judge and chambers staff presiding over this case and members of their immediate families; and (c) any person who has previously released the claims at issue.

35. **Numerosity (Rule 23(a)(1)).** On information and belief, each Class consists of thousands of members and is so numerous that joinder of all members is impracticable. Defendant placed at least sixteen unsolicited calls to Plaintiff alone in a single eight-day period, using more than a dozen different spoofed toll-free numbers in rotation. Such infrastructure is consistent only with a high-volume calling operation targeting a very large universe of consumers. The exact number of Class members is presently unknown but can be readily ascertained through Defendant's and its vendors' records.

36. **Commonality (Rule 23(a)(2)).** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual members, including:

a. Whether Defendant placed calls using an artificial or prerecorded voice;

b. Whether Defendant obtained prior express written consent from call recipients;

c. Whether Defendant held a registration certificate from the Texas Secretary of State;

d. Whether Defendant is a law firm that solicited professional employment by telephone for a significant motive of pecuniary gain;

e. Whether Defendant had a prior family relationship or prior professional relationship with the persons it solicited;

f. Whether Defendant's conduct violated 47 U.S.C. § 227(b), Tex. Bus. & Com. Code § 302.101, and Tex. Gov't Code § 82.0651, respectively; and

g. Whether Defendant's conduct was knowing or willful.

37. **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all Class members were subjected to the same uniform telemarketing campaign, the same call infrastructure, the same spoofed-caller-ID rotation, the same solicitation script, and the same engagement contract.

38. **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no interests antagonistic to those of the Class and has retained counsel experienced in TCPA, consumer-protection, and barratry class action litigation.

39. **Predominance and Superiority (Rule 23(b)(3)).** Common questions of law and fact predominate over any questions affecting only individual Class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Most Class members have limited resources and would be unable economically to litigate their claims individually. Class-wide adjudication will conserve judicial resources and avoid inconsistent rulings.

40. **Injunctive Relief (Rule 23(b)(2)).** Defendant has acted on grounds generally applicable to the Class, making final injunctive and corresponding declaratory relief appropriate as to the Class as a whole.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)

### Prerecorded or Artificial Voice

### (On Behalf of Plaintiff and the TCPA Class)

41. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. The TCPA prohibits any person from making a non-emergency call using an artificial or prerecorded voice to a cellular telephone number without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2).

43. Defendant placed, or caused to be placed, one or more non-emergency telephone calls using an artificial or prerecorded voice to Plaintiff's cellular telephone, and to the cellular telephones of the members of the TCPA Class, without prior express written consent.

44. Defendant's violations were knowing and/or willful, entitling Plaintiff and the Class to treble damages under 47 U.S.C. § 227(b)(3).

45. Plaintiff and the TCPA Class are entitled to: (a) statutory damages of $500 per violation, increased to $1,500 per knowing or willful violation, under 47 U.S.C. § 227(b)(3); and (b) injunctive relief prohibiting Defendant from further unlawful calling.

**SECOND CAUSE OF ACTION**
**Violation of Texas Bus. & Com. Code § 302.101**
**Failure to Obtain Texas Registration Certificate**
**(On Behalf of Plaintiff and the Texas Telemarketing Registration Class)**

46. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. Texas Bus. & Com. Code § 302.101 requires telemarketers to obtain a registration certificate for the business location from which the solicitation is made.

48. Texas Bus. & Com. Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

49. Defendant made telephone solicitations to Plaintiff and the members of the Texas Telemarketing Registration Class, who are purchasers located in Texas, at a time when Defendant did not hold a registration certificate under Chapter 302, and no exemption applied.

50. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

51. Plaintiff and the Class seek an award of $5,000 per violation.

52. Plaintiff seeks a permanent injunction requiring Defendant to cease placing telemarketing communications to residents of Texas without a registration certificate.

**THIRD CAUSE OF ACTION**
**Violation of Texas Government Code § 82.0651(c)–(d)**
**Barratry — Solicitation of Professional Employment**
**(On Behalf of Plaintiff and the Texas Barratry Subclass)**

53. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

54. Tex. Gov't Code § 82.0651(c) provides that a person who was solicited by conduct violating Tex. Penal Code § 38.12(a) or (b), or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

55. Tex. Gov't Code § 82.0651(d) provides that a person who prevails in such an action shall recover from each person who engaged in barratry: (1) a penalty in the amount of $50,000 for each prohibited contact; (2) actual damages caused by the prohibited conduct; (3) reasonable and necessary attorney's fees; and (4) court costs.

56. Defendant is a law firm that solicited Plaintiff and the Texas Barratry Subclass by telephone and other real-time electronic communication for the purpose of obtaining professional employment as legal counsel, with the intent to obtain an economic benefit and a significant motive

of pecuniary gain, in violation of Tex. Penal Code § 38.12 and Tex. Disciplinary R. Prof. Conduct 7.03.

57. Defendant did not have any family relationship or prior professional relationship with Plaintiff or the Subclass members, and no other exception applies. Plaintiff and the Subclass did not enter into a contract with Defendant as a result of the prohibited solicitations—the engagement contract Defendant emailed to Plaintiff remained unsigned—and accordingly have standing under § 82.0651(c).

58. Plaintiff and the Texas Barratry Subclass are entitled to: (a) a civil penalty of not less than $50,000 per prohibited contact; (b) actual damages; (c) reasonable and necessary attorneys' fees; (d) court costs; and (e) injunctive relief, pursuant to Tex. Gov't Code § 82.0651(d) and Rule 23(b)(2).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Washington, individually and on behalf of the proposed Classes, respectfully requests that this Court enter judgment in his favor and against Defendant Aspire Law Group, PLLC, granting the following relief:

a. Certifying this action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3); appointing Plaintiff as Class Representative; and appointing Plaintiff's undersigned counsel as Class Counsel;

b. Awarding statutory damages of $500 per violation of 47 U.S.C. § 227(b), increased to $1,500 per knowing or willful violation, to Plaintiff and the TCPA Class;

c. Awarding $5,000 per violation of Tex. Bus. & Com. Code § 302.101 to Plaintiff and the Texas Telemarketing Registration Class;

d. Awarding statutory civil penalties of not less than $50,000 per prohibited contact under Tex. Gov't Code § 82.0651(d)(1) to Plaintiff and the Texas Barratry Subclass;

e. Awarding actual damages;

f. Entering preliminary and permanent injunctive relief prohibiting Defendant from engaging in further unlawful calling and solicitation of the kind described herein, and requiring Defendant to scrub its calling lists and to implement compliant policies, procedures, training, and recordkeeping practices;

g. Awarding pre- and post-judgment interest at the maximum rate permitted by law;

h. Awarding reasonable and necessary attorneys' fees and costs of suit, including under Tex. Bus. & Com. Code § 17.50 and Tex. Gov't Code § 82.0651(d)(3)–(4); and

i. Granting such other and further relief, in law or in equity, as this Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated: May 21, 2026

Respectfully submitted,

/s/ Mark L. Javitch
Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave., Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com
Attorney for Plaintiff and the Putative Classes